UNITED STATES of America, Plaintiff,

v.

Martin THUNA, Juan Ortiz-Negron and Alfonso Rivera-Mercado, Defendants.

Crim. No. 84–0159CC.

United States District Court, D. Puerto Rico.

Oct. 15, 1984.

Daniel F. López-Romo, U.S. Atty. by Ricardo R. Pesquera, Asst. U.S. Atty., Hato Rey, P.R., for plaintiff.

Joaquín Monserrate-Matienzo, J.R. Aguayo, Hato Rey, P.R., Harvey B. Nachman, Santurce, P.R., for defendants.

### ORDER

CEREZO, District Judge.

On August 13, 1984 the U.S. Magistrate issued an Order on several matters one of which had to do with the government's request for reciprocal discovery (docket entry number 54) filed on June 8, 1984. The government seeks in items 3a and 3b of that motion any books, papers and/or documents and any photographs and/or tangible objects within defendant's possession or control which he intends to introduce as evidence in chief at the trial. Items 3c, d, e and f of the government's discovery request call for disclosure of any results or reports of physical and mental examinations, scientific tests or experiments which are in defendant's possession or prepared by witness. Defendant's first reply to this request was filed on June 25, 1984. There he alleged that his discovery request dated May 18, 1984 relied solely on Rule 16(a)(1)(A) and 16(a)(1)(B), Fed.R.Cr.P., and that no request was made under either Rule 16(a)(1)(C) or 16(a)(1)(D) which would trigger his obligation to disclose evidence to the government. Defendant Thuna categorically stated that no discovery was given to him of the type contemplated in Rule 16(a)(1)(D). This was recognized by the government in its reply to defendants' opposition which was filed on June 27, 1984.[1]

The real controversy between the parties is in relation to Rule 16(a)(1)(C) for as to this the government's attorney has insisted that defense counsel on more than one occasion requested discovery during meetings and that (a)(1)(C) materials were given to the defense. Defendant Thuna in his June 25, 1984 opposition admits that tangible objects were given but cautions that

these were produced "only in connection with the government's compliance of producing its document list." On July 2, 1984 defendant filed a sur reply to the government's reciprocal discovery motion which basically asserts that "[i]f the defendant does not request disclosure there is no provision for reciprocal discovery." Subsequent to the government's appeal from the Magistrate's ruling denying its request for disclosure by the defendant, defendant Thuna presented an opposition to appeal on September 6, 1984 (docket entry number 96) reasserting his position that he has never moved for discovery pursuant to Rule 16(a)(1)(C). It is interesting to note that in that opposition he states that: "[t]he words Rule 16 were never mentioned at that meeting," referring to the meeting at which defense attorneys requested the open-file discovery material that the government volunteered to give at the time of arraignment. In sum, the several oppositions filed by Mr. Thuna leave no doubt that a request for documents and tangible objects was made informally to the government and complied with. His position is that "once the defendant deliberately chooses not to make such a motion the government cannot imply such a motion," page 6 of docket entry 96. The government's position is that no formal written request is required to be filed under Rule 16(a)(1)(C) and that informal requests between the parties are sufficient.

A review of the legislative history of Rule 16 reveals that the purpose of the 1975 amendments was "to make clear that discovery should be accomplished by the parties themselves, without the necessity of a court order...." Advisory Committee Note to 1975 Amendments to Rule 16, Fed. R.Cr.P. See also: Notes of Committee on the Judiciary, House Report No. 94–247. None of the discovery requests that can be made by the defendant under the subdivisions of Rule 16(a)(1) have to be formal documents filed in court requiring judicial

---

**1.** At page 2 of its reply, the government stated: "It is true that no discovery was provided pursu-

ant to section 16(a)(1)(D) but the fact is that none is available in the government's file."

intervention. To adopt the position of this defendant, who after requesting and receiving (a)(1)(C) discovery materials, albeit not by utilizing formal written requests and court orders, would create an imbalance in pretrial criminal proceedings which give a defendant an unwarranted advantage. Since the defendant requested through his attorneys discovery materials of the type contemplated under subdivision (a)(1)(C) and since the government fully complied, it is hereby ORDERED that the U.S. Magistrate's Order of August 13, 1984 denying the government's petition for reciprocal discovery is hereby VACATED to the extent that the government's request for disclosure of evidence by defendant Thuna is based on a prior request by said defendant under (a)(1)(C). Accordingly, the government's motion requesting discovery filed on June 8, 1984 is GRANTED as to item 3a and 3b and DENIED as to items 3c–f, inclusive, since these last four items seek disclosure of reports of examinations and tests which the government has admitted it did not previously disclose to the defendant during informal discovery.

SO ORDERED.